IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| JOE W. BROWN, KIMERLY WILLIAMS BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> AMSOUTH BANK, REGIONS MORTGAGE, <br><br> Defendants. | No. 2:15-cv-02202-JPM-tmp |

**ORDER REMANDING CASE TO THE CHANCERY COURT OF SHELBY COUNTY**

For the reasons stated below, this case is REMANDED to the Chancery Court of Shelby County.

**I. BACKGROUND**

Plaintiffs filed a Complaint in the Chancery Court of Shelby County on May 6, 2011, requesting injunctive relief to restrain Defendants from selling the property at 11851 Metz Place, Eads, TN 38028. (Brown v. AmSouth Bank, 2:11-cv-3022-tmp, ECF No. 1-2 (W.D. Tenn. 2011).) Defendants removed that action to federal court on November 16, 2011. (Id., ECF No. 1.) On March 18, 2013, the Court ordered in part that:

> if the Browns fail to pay said amount on or before August 3, 2012, Regions shall begin foreclosure proceedings without objection from the Browns. The Browns agree they

> will not attempt to hinder the foreclosure process in any
> way and waive all objections to the foreclosure.

(Id., ECF No. 29.)

On May 9, 2012, the Court administratively closed the case without entering any judgment. (Id., ECF No. 22.) On April 2, 2013, Plaintiffs filed a Rule 59 motion to amend the judgment in the other federal case (id., ECF No. 30), which the Court denied on September 30, 2014 (id., ECF No. 43). Because there had been no judgment in the case, the Court instead interpreted the motion as a request under Rule 54 for the Court to revise a prior order. (See id., ECF No. 43 at 5-9.) Plaintiffs filed another motion styled as a Rule 59 motion on October 31, 2014. (Id., ECF No. 51.) The magistrate judge denied that motion on April 7, 2015. (Id., ECF No. 54.)

On December 10, 2013, Defendants filed a motion in the related case requesting that the Court issue an order stating that a Forcible Entry and Detainer Warrant ("FED") to obtain immediate possession of the property at issue is not within the jurisdiction retained by the federal court and that such relief may be sought in any other court of competent jurisdiction. (Id., ECF No. 37-1.) The Court granted the requested relief on September 30, 2014. (Id., ECF No. 44.) Judgment was entered in the related case on April 7, 2015, and jurisdiction to enforce

the settlement agreement was explicitly retained.  (Id., ECF No. 55.)

Defendants represent that they again sought an FED warrant in General Sessions Court, which was set for March 25, 2015.  (ECF No. 7-1 at 4.)  In response, Plaintiffs' filed with the Shelby County Chancery Court a Petition for Declaratory Relief and Issuance of Temporary Restraining Order to restrain the General Sessions Court from issuing the FED warrant that Defendants are seeking.  (ECF No. 7-2.)  According to Defendants, Plaintiffs' counsel "gave Defendants' counsel assurances that despite the petition filed the day before, he would not seek a restraining order without first providing Defendants with adequate notice and an opportunity to be heard."  (ECF No. 7-1 at 5.)  Defendants represent that Plaintiffs nevertheless proceeded to Chancery Court and obtained on March 25, 2015, a TRO without giving Defendants an opportunity to be heard.  (Id.)  Defendants represent that they received service of the TRO on March 27, 2015.  (Id.)

**II. LEGAL STANDARD AND ANALYSIS**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  If the plaintiffs in a suit do not have standing, then the Court does not have subject matter jurisdiction.  Loren v. Blue Cross & Blue Shield of

3

Mich., 505 F.3d 598, 607 (6th Cir. 2007). One necessary element of standing is that "it must be likely that the plaintiff's injury would be redressed by the requested relief." Slorp v. Lerner, Sampson & Rothfuss, 587 F. App'x 249, 253 (6th Cir. 2014) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). As will be explained below, that element is missing here. This case must therefore be remanded for lack of subject matter jurisdiction.[1]

This Court has no power to grant the injunctive relief requested. Plaintiffs pray that the Court issue "a Temporary Restraining Order staying Respondent's Forcible Entry and Detainer ("FED") action [in the] General Sessions Civil Court of Shelby County, Tennessee, until such a time as the federal court has ruled on the pending Rule 59 Motion, or entered its order altering or amending the judgment." (ECF No. 1-1 at 7.)

---

[1] The Court notes that Defendants have also failed to establish that the amount-in-controversy requirement under 28 U.S.C. § 1332 is met in this case. See Mitchell v. Hudson, No. 1:13-CV-152, 2013 WL 610667, at *2 (W.D. Mich. Feb. 19, 2013) ("Where the complaint does not seek a specified amount of damages, the party removing the action must 'show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount in controversy requirement.'") (quoting Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C., 567 F.3d 767, 769-70 (6th Cir. 2009)). As Defendants acknowledged in open court, title for the property is not at issue, and the value of the litigation is properly determined by the value of the right of possession. See Battle v. Atkinson, 115 F. 384, 389 (C.C.E.D. Ark. 1902) aff'd, 191 U.S. 559 (1903) ("The action being one to determine merely the right of possession at the time of the institution of the suit, regardless of the ownership or title, the value of the right of possession alone must determine the amount involved, with such actual damages as the complaint shows the plaintiff can recover under the statute in this action."). That value has not been established by a preponderance of the evidence to meet the jurisdictional requirements of § 1332.

4

"The Supreme Court has, on several occasions, recognized that the Anti-Injunction Act creates an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." Martingale LLC v. City of Louisville, 361 F.3d 297, 302 (6th Cir. 2004) (internal quotation marks omitted). "These three exceptions, embedded within the statute's text, permit injunctions against state court proceedings (1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." Id.

None of the three exceptions applies here. First, Congress has not expressly authorized the injunctive relief that Plaintiffs seek. Second, the injunction that Plaintiffs seek is not necessary in aid of the Court's jurisdiction. "Courts have applied this second exception in only two scenarios: where the case is removed from the state court, and where the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property before the state court does." Id. Because the case that Plaintiffs seek to enjoin is not the case that was removed, the first scenario does not apply. The second scenario does not apply because this case is in personam and not in rem or quasi in rem. See id. at 303 & n.3. Third, there is

no federal court judgment that Plaintiffs seek to protect or effectuate through the injunctive relief sought.

For the foregoing reasons, Plaintiffs' injury is not redressable in federal Court. As a result, Plaintiffs do not have standing and the Court does not have subject matter jurisdiction.

## III. CONCLUSION

Because it "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, this case is REMANDED to the Chancery Court of Shelby County.

**IT IS SO ORDERED**, this 7th day of April, 2015.

/s/ Jon P. McCalla<br>
JON P. McCALLA<br>
UNITED STATES DISTRICT JUDGE